IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CIVIL ACTION NO. 20-5721 |
| v. | : | |
| | : | CRIMINAL ACTION NO. 17-446-1 |
| JOSE MANUEL ALBERTO-SOSA | : | |

**MEMORANDUM**

**Padova, J.**                                                                                    **January 20, 2023**

      Defendant has filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, asking that we vacate his conviction and sentence based on ineffective assistance of counsel.  The Government opposes the Motion on the grounds that Defendant has waived his claims for relief, pursuant to the terms of his Guilty Plea Agreement and his testimony before this Court.  We held an evidentiary hearing on the Motion on December 8, 2022.  For the reasons that follow, the Motion is now denied.

## I.       BACKGROUND

      On August 24, 2017, Defendant was charged with one count of manufacturing child pornography images, in violation of 18 U.S.C. §§ 2251(a) and (e) (Count I), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count II).  The charges against him arose from his possession of naked and sexually explicit photographs of a nine-year-old girl that he admitted he took on his cell phone in late June of 2017.  (6/6/19 Hr'g Tr. at 16-20.)

      At a June 6, 2019 Hearing, Defendant pled guilty to both Counts of the Indictment, pursuant to a written Guilty Plea Agreement under Federal Rule of Civil Procedure 11(c)(1)(c), in which the Government and Defendant jointly recommended that the Court impose a 262-month prison sentence for Defendant's offenses.  (Id. at 30; Plea Agreement ¶ 6.)  The Agreement provided that if the Court accepted the sentence, Defendant agreed to "voluntarily and expressly" waive his right

to appeal and collaterally attack his conviction or sentence.  (Plea Agreement ¶ 16.)  The Guilty Plea Agreement, however, preserved Defendant's "right to file a claim, if otherwise allowed by law, that an attorney who represented [him] during the course of [his] criminal case provided constitutionally ineffective assistance."  (Id.)

After questioning Defendant regarding his willingness to enter into the Guilty Plea Agreement and his understanding of its terms, and finding that he was competent to plead, that his guilty plea was voluntary, and that there was a factual basis for his guilty plea, we accepted Defendant's guilty plea.  (6/6/19 Hr'g Tr. at 30.)  Subsequently, on September 18, 2019, we sentenced Defendant to 262 months' imprisonment—the term that he bargained for in his Guilty Plea Agreement—to be followed by five years' supervised release.

On November 16, 2020, Defendant filed the instant pro se 28 U.S.C. § 2255 Motion, in which he asserts eight claims of ineffective assistance of counsel.[1]  Specifically, Defendant asserts that his trial counsel was ineffective in failing to (1) file a motion to suppress his self-incriminating statements; (2) file a motion to suppress evidence seized in violation of his Fourth Amendment right to be free from unreasonable searches and seizures; (3) file a motion to dismiss the Indictment; (4) investigate his case and possible defenses; (5) inform him of the nature of the charges against him; (6) advise him not to waive his right to appeal; (7) file objections to his Presentence Investigation Report ("PSR"); and (8) file a requested direct appeal.

---

[1] Defendant's Motion was dated November 3, 2020, approximately one month after the expiration of the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations for such motions.  See 28 U.S.C. § 2255(f).  However, Defendant asserts that he is entitled to equitable tolling on account of lockdowns at his place of incarceration due to the COVID-19 pandemic and the Government does not argue that Defendant's Motion is time barred.  Accordingly, we do not further consider the timeliness of Defendant's Motion.

## II.     STANDARD OF REVIEW

Defendant has moved for relief pursuant to 28 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  In order to prevail on a § 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure."  Hill v. United States, 368 U.S. 424, 428 (1962); see also United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (stating that "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" (alterations in original) (quoting Davis v. United States, 417 U.S. 333, 346 (1974) (internal quotation marks omitted))).

"In rendering a decision on a defendant's § 2255 motion, 'a district court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'"  United States v. Smith, Crim. A. No. 02-172-26, 2022 WL 3083033, at *3 (E.D. Pa. Aug. 3, 2022) (quoting Johnson v. United States, 294 F. App'x 709, 710 (3d Cir. 2008) (internal quotation marks omitted)).  However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."  United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (citing United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988)).

Here, all of Defendant's claims for § 2255 relief are based on alleged deprivations of his constitutional right to the effective assistance of counsel.  In order to prevail on a claim for ineffective assistance of counsel, a criminal defendant must demonstrate that (1) his attorney's performance was deficient, *i.e.*, that the performance was unreasonable under prevailing professional standards, and (2) that he was prejudiced by his attorney's performance.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  A party raising an ineffective assistance of counsel claim in a § 2255 petition bears the burden of proving both prongs by a preponderance of the evidence.  United States v. Ballard, Crim. A. No. 03-810, 2017 WL 2935725, at *4 n.5 (E.D. Pa. July 10, 2017) (citing Pazden v. Maurer, 424 F.3d 303, 313 (3d Cir. 2005)) (additional citation omitted).

For purposes of establishing the first prong, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688. In the context of a guilty plea, this objective standard requires that counsel "give a defendant enough information 'to make a reasonably informed decision whether to accept a plea offer.'" United States v. Bui, 795 F.3d 363, 367 (3d Cir. 2015) (quoting Shotts v. Wetzel, 724 F.3d 364, 376 (3d Cir. 2013) (internal quotation marks omitted)).  A court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.

For purposes of establishing the second prong, a defendant who pled guilty must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  United States v. Fazio, 795 F.3d 421, 426 (3d Cir. 2015) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for

his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Lee v. United States, 137 S. Ct. 1958, 1967 (2017).

## III. DISCUSSION

### A. Failing to File a Motion to Suppress his Self-Incriminating Statements

Defendant contends that his counsel was ineffective for failing to file a motion to suppress his self-incriminating statements. Specifically, Defendant states that his "counsel was constitutionally ineffective for failing to file a motion to challenge or dismiss the superseding information," which he alleges the Government issued after a grand jury failed to return an indictment against him on May 13, 2016, based on the Government's use of his "own self-incriminating statements" in that charging document. (Def. Br. at 17 of 37.)

We find, as a preliminary matter, that Defendant's factual allegations "are clearly frivolous on the basis of the existing record." Smith, 2022 WL 3083033, at *3 (quoting Johnson, 294 F. App'x at 710 (internal quotation marks omitted)). The record in this case shows that (1) Defendant's crimes were reported to police in July 2017; (2) a grand jury for the Eastern District of Pennsylvania returned a two-Count Indictment against Defendant one month later, in August 2017; and (3) the Government never charged Defendant with a superseding information. (6/6/19 Hr'g Tr. at 16-17; Docket No. 1-1.) Therefore, Defendant's allegations—that a grand jury failed to indict him and that the Government charged him with a superseding information in 2016—are baseless and factually impossible because Defendant was not charged with a superseding information in this case *at all* and he was certainly not charged with a superseding information more than one year *before* his crimes were committed. Accordingly, to the extent Defendant argues that his counsel was ineffective in failing to seek dismissal of a superseding information

that never existed, his claim is denied as meritless.  See United States v. Barnes, 324 F.3d 135, 139 (3d Cir. 2003) ("[A]n attorney's performance cannot have prejudiced a defendant if his alleged ineffectiveness was the failure to advance an unmeritorious claim that could not have been successful had it been advanced." (citation omitted)).

Moreover, we conclude that Defendant has not established a claim for ineffective assistance of counsel to the extent he may be arguing that his counsel failed generally to move for suppression of his self-incriminating statements.  "The Fifth Amendment privilege against self-incrimination protects a defendant from being compelled to provide testimonial evidence against him/her self."  United States v. Askew, 203 F. App'x 414, 416 (3d Cir. 2006).  In Miranda v. Arizona, 384 U.S. 436 (1966), the United States Supreme Court "established a procedure for custodial interrogation designed to protect a detainee's Fifth Amendment right against self-incrimination."  Boyer v. Superintendent Houtzdale SCI, 620 F. App'x 118, 124 (3d Cir. 2015).  "According to that procedure, an individual in custody and subject to interrogation must 'be warned prior to any questioning'" of his rights, including his "'right to remain silent.'"  Id. (quoting Miranda, 384 U.S. at 479).  After hearing his rights, an individual may choose to waive them and speak with police.  United States v. Strausbaugh, 534 F. App'x 178, 183 (3d Cir. 2013).  Generally, statements made after a waiver of one's Miranda rights are not subject to the privilege against self-incrimination.  Id.

Here, Defendant has failed to identify any specific statement that he made and that he believes is protected by his Fifth Amendment privilege against self-incrimination.  Nevertheless, to the extent Defendant may argue that his confession to police after his arrest is covered by the privilege, we conclude that it is not.  The record shows that Defendant deliberately waived his right to silence at the time of his arrest—he received his Miranda warnings in his preferred

language (Spanish), and he agreed to speak with police.  (6/6/19 Hr'g Tr. at 19.)  Defendant offers no evidence to challenge this clear record.  Accordingly, we conclude that Defendant waived his Miranda rights and his subsequent confession was not subject to the Fifth Amendment privilege against self-incrimination.  We therefore further conclude that Defendant's trial counsel was not ineffective in failing to move for suppression of Defendant's confession based on this privilege because any motion to that effect would have been denied as meritless.  See Bui, 795 F.3d at 366-67 ("[T]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." (quoting United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999))).  For all of these reasons, Defendant's first claim for relief is denied.

B.     Failing to File a Motion to Suppress Evidence

Defendant argues that his counsel was ineffective in failing to file a motion to suppress evidence seized in violation of his Fourth Amendment right "against unreasonable searches and seizures."  U.S. Const. amend. IV.  In particular, Defendant avers that his Fourth Amendment "rights were violated, counsel being we[l]l aware of the violation and failing to file a requested timely pre-trial motion."  (Def. Br. at 20 of 37.)

The United States Court of Appeals for the Third Circuit has held that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."  Thomas, 221 F.3d at 437 (citing Dawson, 857 F.2d at 928).  Here, Defendant fails to specify either how his Fourth Amendment rights were violated or what evidence counsel should have sought to suppress.  See Spruell v. United States, Civ. A. No. 15-06992, 2021 WL 1712233, at *6 (D.N.J. Apr. 30, 2021) ("Petitioner's vague and non-specific reference to 'Fourth Amendment issues' fails to satisfy the requisite particularity necessary for his

claim" and "leaves the Court unable to ascertain . . . any merits of such claims."). Defendant's second claim may be dismissed on this basis alone. See Thomas, 221 F.3d at 437.

Even so, to the extent Defendant may be arguing that his counsel was ineffective in failing to challenge the search and seizure of his cell phone, Defendant's claim fails on its merits. "The Fourth Amendment protects against *unreasonable* searches." United States v. Goldstein, 914 F.3d 200, 202 (3d Cir. 2019) (emphasis added). "In order for a search to be 'reasonable,' it generally must be conducted pursuant to a search warrant supported by probable cause . . . ." Id. (citing Riley v. California, 573 U.S. 373, 381-82 (2014)). Here, the record shows that the search of Defendant's cell phone was reasonable, and thus not in violation of the Fourth Amendment, because investigators searched and seized Defendant's cell phone pursuant to a search warrant that they obtained after receiving a credible report that Defendant's cell phone contained criminally explicit images. (6/6/19 Hr'g Tr. at 19.) Defendant submits no evidence to contradict this record or to suggest that the search warrant was invalid. See generally Groh v. Ramirez, 540 U.S. 551, 557 (2004) (discussing the requirements for a valid search warrant). Thus, we conclude that the Government's search of Defendant's cell phone did not violate his Fourth Amendment rights and, accordingly, Defendant's trial counsel was not ineffective in failing to challenge the search on that basis. For all of the above reasons, we deny Defendant's second claim.

C.    Failing to File a Motion to Dismiss the Indictment

Defendant argues that his counsel was ineffective in failing to file a motion to dismiss the Indictment based on the Government's pre-accusation or post-accusation delay in prosecuting his case. Specifically, Defendant appears to claim that the Government violated his Fifth Amendment right to due process through its delay in seeking an indictment against him and the Government

violated his Sixth Amendment right to a speedy trial through its delay between his arrest and his guilty plea.

       1.  <u>Fifth Amendment</u>

"[T]he Due Process Clause of the Fifth Amendment protects defendants against oppressive pre-indictment delay within the applicable limitations period." <u>United States v. Staton</u>, 605 F. App'x 110, 113 (3d Cir. 2015) (alteration in original) (quoting <u>United States v. Sebetich</u>, 776 F.2d 412, 430 (3d Cir. 1985)). "To prevail on a claim of unconstitutional pre-indictment delay, the defendant must prove that (1) 'the government intentionally delayed bringing the indictment in order to gain some advantage over him' and (2) 'this intentional delay caused the defendant actual prejudice.'" <u>Id.</u> (quoting <u>United States v. Ismaili</u>, 828 F.2d 153, 167 (3d Cir. 1987)). "[T]he Government is not required to initiate charges as soon as the requisite proof has been developed because such a rule 'would cause numerous problems in those cases in which a criminal transaction involves more than one person or more than one illegal act.'" <u>Id.</u> (quoting <u>United States v. Lovasco</u>, 431 U.S. 783, 793 (1977)). The Third Circuit has repeatedly held that even years-long delays between an offense and an indictment do not, without more, violate the Fifth Amendment. <u>See, e.g.</u>, <u>United States v. Robles</u>, 129 F. App'x 736, 738 (3d Cir. 2005) (holding that a nearly five-year pre-indictment delay did not violate the Fifth Amendment); <u>United States v. Fraser</u>, 42 F. App'x 532, 533 (3d Cir. 2002) (same).

Here, the record shows that less than two months passed between the date on which Defendant's crimes were reported to police and the date on which Defendant was indicted for those crimes. (<u>See</u> 6/6/19 Hr'g Tr. at 16-17; Docket No. 1-1.) Moreover, Defendant has failed to submit any evidence that the Government intentionally delayed bringing the Indictment to gain some advantage over Defendant or that the mere two-month delay caused him actual prejudice. Thus,

the Indictment was not subject to dismissal pursuant to the Fifth Amendment and Defendant's trial counsel was not ineffective for failing to move for dismissal of the Indictment on that basis.

2. Sixth Amendment

After an indictment, "[t]he Sixth Amendment guarantees that, '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . .'" Doggett v. United States, 505 U.S. 647, 651 (1992) (second, third, and fourth alterations in original) (quoting U.S. Const. amend. VI); see also United States v. Shulick, 18 F.4th 91, 102 (3d Cir. 2021) (explaining that the speedy trial guarantee has no application until after an indictment). In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court "established a four-factor test for evaluating whether the constitutional right to a speedy trial has been violated."[2] United States v. Velazquez, 749 F.3d 161, 174 (3d Cir. 2014) (citing Barker, 407 U.S. at 530-31). The test weighs the following factors: "(1) the length of the delay before trial; (2) the reason for the delay and, specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted his speedy trial right; and (4) the prejudice suffered by the defendant." Id. (citing Barker, 407 U.S. at 530-31). "[N]o one factor is dispositive [or] 'talismanic.'" Id. (first alteration in original) (quoting Hakeem v. Beyer, 990 F.2d 750, 770 (3d Cir. 1993)).

In this case, the time between the Indictment on August 24, 2017 and Defendant's first scheduled trial date of November 1, 2017 was just over two months. (Docket Nos. 1-1, 10); cf. Velazquez, 749 F.3d at 174 (noting that a one-year delay between indictment and trial triggers further scrutiny under Barker (citing Doggett, 505 U.S. at 652 n.1)). Thereafter, Defendant filed

_____

[2] Defendant asserts only that the Government violated his constitutional right to a speedy trial, not that it violated his statutory right to a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. Accordingly, the Barker test governs our analysis of his claim. See Shulick, 18 F.4th at 102.

six motions to continue his trial date, which the court granted to allow him more time to prepare his case.  (See Docket Nos. 12, 15, 18, 21, 26, 30.)  Now, apparently for the first time, Defendant asserts his right to a speedy trial without identifying how any delay in his prosecution prejudiced his defense.  See United States v. Komolafe, 246 F. App'x 806, 810 n.3 (3d Cir. 2007) (finding no constitutional speedy trial violation where "a major portion of the delay was due to [defendant's] own motions for extensions of time and postponement of trial. . . [and] there [was] no evidence that . . . his defense was impaired [by the delay]").  Pursuant to the factors set forth in Barker, these circumstances do not establish a violation of Defendant's speedy trial rights.  Accordingly, we conclude that Defendant's trial counsel was not ineffective in failing to move for dismissal of the Indictment on this basis.  We therefore deny Defendant's third claim.

        D.      Failing to Investigate His Case and Defenses

Defendant maintains that his counsel was ineffective for failing to investigate Defendant's case and possible defenses and for failing to move to dismiss the Indictment based on the multiplicity of his charges.[3]

        1.     Investigation

"For a failure to investigate to constitute ineffective assistance, a defendant must show what exculpatory evidence would have been uncovered by further investigation."  United States v. Franklin, 213 F. Supp. 2d 478, 488 (E.D. Pa. 2002) (citation omitted).  At a minimum, "a defendant must show that the investigation would have 'produced useful information not already known to trial counsel.'"  Id. (citing Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990)) (additional

---

[3] In support of his fourth claim, Defendant also asserts that his counsel failed to protect his Fourth and Fifth Amendment rights.  Defendant, however, separately asserted these alleged violations in his first and second claims for relief and we addressed them supra.

citations omitted).  Here, Defendant has failed to point to any exculpatory evidence that his counsel could have uncovered by further investigation.  Thus, Defendant has failed to establish this claim of ineffective assistance of counsel.

        2.  <u>Multiplicity</u>

"Multiplicity is the charging of a single offense in separate counts of an indictment." <u>United States v. Kennedy</u>, 682 F.3d 244, 254-55 (3d Cir. 2012) (citations omitted).  "A multiplicitous indictment risks subjecting a defendant to multiple sentences for the same offense, an obvious violation of the Double Jeopardy Clause's protection against cumulative punishment." <u>Id.</u> at 255 (citing <u>Missouri v. Hunter</u>, 459 U.S. 359, 366 (1983); <u>United States v. Pollen</u>, 978 F.2d 78, 83 (3d Cir. 1992)); <u>see generally</u> <u>United States v. Rice</u>, 109 F.3d 151, 153 (3d Cir. 1997) (explaining how the Double Jeopardy Clause of the Fifth Amendment prevents successive punishments and successive prosecutions for the same offense).  "To support a claim of double jeopardy, it must be shown that the two offenses charged are in law and in fact the same offense." <u>United States v. Felton</u>, 753 F.2d 276, 278 (3d Cir. 1985) (citation omitted).  Two offenses are the same offense in law "if one is a lesser-included offense of the other under the 'same-elements' (or <u>Blockburger</u>) test," which instructs that two offenses are *not* the same offense where each requires proof of an element that the other does not.  <u>United States v. Miller</u>, 527 F.3d 54, 71 (3d Cir. 2008) (quoting <u>United States v. Dixon</u>, 509 U.S. 688, 696 (1993)) (citing <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932)); <u>see also</u> <u>United States v. Hansen</u>, 279 F. App'x 164, 167 (3d Cir. 2008) ("The test for identity of offenses is whether each separate statutory provision requires proof of an additional fact which the other does not." (citing <u>Blockburger</u>, 284 U.S. at 303-04) (additional citation omitted)).

The Indictment at issue here charged Defendant with manufacturing child pornography, in violation of 18 U.S.C. § 2251(a) (Count I), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count II).  Whether these two charges constitute the same offense in law appears to be a matter of first impression in the Third Circuit.  However, the Courts of Appeals for the Ninth, Eighth, and Sixth Circuits have concluded that a conviction for producing child pornography and a conviction for possessing child pornography each requires proof of an element that the other offense does not.  See United States v. Sullivan, 575 F. App'x 793, 794 (9th Cir. 2014) ("Defendant's convictions under § 2251(a) and § 2252(a)(4)(B) did not violate the Double Jeopardy Clause because each statute of conviction requires proof of an element that the other does not." (citing Blockburger, 284 U.S. at 304)); United States v. Gomez-Diaz, 911 F.3d 931, 934 (8th Cir. 2018) ("Possession of child pornography includes at least one element that production of child pornography does not: possession."); United States v. Kniffley, 729 F. App'x 406, 411 (6th Cir. 2018) ("Because each statute requires proof of a fact that the other statute does not, [the defendant's] 2010 conviction for distributing and possessing child pornography did not bar his 2013 prosecution for producing some of the same images."); see also United States v. Hansen, Crim. A. No. 17-0099, 2018 WL 9439878, at *2 (N.D. Iowa Apr. 13, 2018) (following Sixth and Ninth Circuit precedent that "convictions for producing and possessing the same images [of child pornography] do not violate double jeopardy." (citing Kniffley, 729 F. App'x at 411; Sullivan, 575 F. App'x at 794)), aff'd, 944 F.3d 718 (8th Cir. 2019); United States v. Kearn, Case No. 13-40057-01, 2020 WL 2084893, at *13 (D. Kan. Apr. 30, 2020) ("[A]lthough [the defendant] argues that 'one necessarily possesses an image he produces,' the Eight Circuit has noted [that] 'that is not always the case' and '§ 2252(a)(4)(B) requires an element not required for § 2251(a).'" (quoting Gomez-Diaz, 911 F.3d at 934) (internal citation omitted)).

Although it may appear "metaphysically impossible to 'produce' an image in the lay sense without simultaneously possessing it," the <u>Blockburger</u> test requires us to "analyze the legal elements of the two charges, not the common sense meaning of the terms 'possess' and 'produce' or the method by which this particular defendant violated both statutes." <u>Kniffley</u>, 729 F. App'x at 411.  When we undertake this analysis, it becomes clear that "[t]he 'producing' statute, § 2251, does not actually require the defendant to . . . possess the pornography." <u>Id.</u>  For example, a person may produce child pornography "under the terms of § 2251 by persuading a minor to take sexually explicit photos of themselves." <u>Id.</u>  That person need not ever possess the minor's photograph to violate § 2251.  <u>Id.</u>  Moreover, "someone may certainly be guilty of possessing . . . child pornography without having played any role in its production." <u>Id.</u>  Thus, a defendant's conviction under one statute does not guarantee his conviction under the second statute because each offense requires proof of an element that the other does not.  See <u>United States v. Hansen</u>, 279 F. App'x 164, 167 (3d Cir. 2008) (citing <u>Blockburger</u>, 284 U.S. at 303-04) (additional citation omitted).

Therefore, pursuant to <u>Blockburger</u>, we conclude that 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252(a)(4)(B) are not the same offense in law and, accordingly, the two-Count Indictment charging Defendant with manufacturing child pornography, in violation of 18 U.S.C. § 2251(a), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), was not multiplicitous.  We therefore further conclude that Defendant's trial counsel was not ineffective in failing to move for dismissal of the Indictment on the grounds of multiplicity because any motion on that basis would have been denied as meritless.  Defendant's fourth claim for relief is therefore denied.

E.    <u>Failing to Inform Him of The Charges</u>

Defendant argues that his counsel was ineffective in failing to inform him of the true nature of the charges against him and in advising him to plead guilty.  Defendant's allegations, however, "are clearly frivolous on the basis of the existing record" and insufficient to support a claim for relief.  <u>Smith</u>, 2022 WL 3083033, at *3 (quoting <u>Johnson</u>, 294 F. App'x at 710).  Defendant attested to his understanding of the charges against him in his Guilty Plea Agreement.  (<u>See</u> Guilty Plea Agreement ¶¶ 3-5, 20.)  Thereafter, at his Change of Plea Hearing, Defendant verified on the record that he "had ample opportunity to discuss" his case with his attorney; that he had no unanswered questions remaining for his counsel; that he was satisfied with his attorney's representation of him; that he had "fully" discussed the Guilty Plea Agreement with his attorney prior to signing it; and that he understood and agreed with the Government's summaries of the charges against him and the facts giving rise to those charges.  (6/6/19 Hr'g Tr. at 6-9, 16-20.)

On June 6, 2019, we accepted Defendant's guilty plea upon a finding that he understood the charges against him and understood the implications of his entry of a guilty plea.  (<u>Id.</u> at 30.) Defendant has failed to present any evidence that would cause us to question our prior determination.  In fact, at our December 8, 2022 evidentiary hearing on this Motion, Defendant again testified that he understood then that he faced serious charges.  (12/8/22 Hr'g Tr. 16:8-12.) Rossman D. Thompson, Jr., Defendant's former counsel, also testified at our December 8 hearing that he extensively discussed Defendant's charges with him to ensure that Defendant understood his case and, through the assistance of an interpreter, Thompson was satisfied that Defendant understood the charges against him and wished to accept the Guilty Plea Agreement.  (<u>Id.</u> at 38:14-23, 40:7-25, 42:13-44:11.)  Thus, we conclude that Defendant fully understood the charges against him and that his counsel met the objective standard for effective assistance of counsel by giving

Defendant "enough information 'to make a reasonably informed decision whether to accept [the] plea offer.'" Bui, 795 F.3d at 367 (quoting Shotts, 724 F.3d at 376 (internal quotation marks omitted)). Consequently, we deny Defendant's fifth claim for relief.

      F.      Advising Him to Waive His Right to Appeal

      Defendant asserts that his counsel was ineffective for advising him to enter into a plea agreement in which he waived his right to appeal. In the context of an appellate waiver, an attorney provides effective assistance where he "adequately advise[s] [the defendant] of his appellate rights and [the defendant] consent[s]—voluntarily, knowingly, and intelligently—to waiver of his right to appeal." United States v. Ramos, 971 F. Supp. 199, 206 (E.D. Pa. 1997) (citations omitted). Here, Defendant has failed to submit any evidence to support a finding that his trial counsel's representation of him fell below this objective standard. Rather, the record shows that Defendant fully discussed the Guilty Plea Agreement with his attorney and understood the terms of the Agreement, including its conspicuous waiver of his appellate rights. (Plea Agreement ¶¶ 16, 20; Acknowledgement of Rights ¶ 6; 6/6/19 Hr'g Tr. at 8-9.) Moreover, in accepting Defendant's guilty plea, we verified that Defendant understood the exact consequences of his appellate waiver. (See 6/6/19 Hr'g Tr. at 14-15.) Following a lengthy dialogue as to whether Defendant understood the appellate rights which he was giving up through his entry of a guilty plea, we found that Defendant's guilty plea and corresponding waiver of his appellate rights was knowing and voluntary. (Id. at 30.) Under these circumstances, we can only conclude that Defendant's counsel adequately advised him of his appellate rights and Defendant voluntarily, knowingly, and intelligently consented to waive them. Thus, we deny Defendant's sixth claim for relief.

G.      Failing to Object to the PSR

Defendant argues that his counsel was ineffective for failing to file objections to the PSR pursuant to Federal Rule of Criminal Procedure 32(a)(3)(B).  Specifically, Defendant asserts that his counsel erred by failing to uncover mitigating evidence and failing to object to the inclusion of "unreliable information" in the PSR.  (Pet. Br. at 32-33 of 37.)  Defendant, however, has failed to support this claim by identifying what mitigating evidence his counsel should have uncovered or what unreliable information the Office of Probation for this District included in the PSR.  See Spruell, 2021 WL 1712233, at *5 ("[V]ague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the district court.").  Although we may dispose of Defendant's claim on this basis alone, we further note that Defendant has not shown that he was prejudiced by any material in the PSR because Defendant was sentenced to 262 months' imprisonment—the same term of imprisonment he bargained for in his Guilty Plea Agreement.  (Plea Agreement ¶ 6; Crim. Judgment at 2.)  Accordingly, we deny Defendant's seventh claim for relief.

H.      Failing to File a Direct Appeal

In his final claim for relief, Defendant contends that his counsel provided constitutionally ineffective assistance when he failed to file a direct appeal despite Defendant's request that he do so.  The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Garza v. Idaho, 139 S. Ct. 738, 746 (2019) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)).  The Supreme Court has further held that "prejudice to the defendant should be presumed" when "an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, . . . regardless of whether the defendant has signed an appeal waiver."  Id. at

17

742 (citing <u>Flores-Ortega</u>, 528 U.S. at 484).  Therefore, a defendant states a prima facie claim of ineffective assistance pursuant to <u>Strickland</u> where he alleges that he requested a direct appeal and his attorney failed to act.

Here, Defendant stated this prima facie claim for ineffective assistance of counsel and we provided him with an evidentiary hearing "to prove that he made the request [for an appeal] and that [his] lawyer failed to honor it."  <u>Solis v. United States</u>, 252 F.3d 289, 295 (3d Cir. 2001).  At our December 8 hearing, however, Defendant testified that he *never* directly asked his counsel to file an appeal.  (12/8/22 Hr'g Tr. at 12:1-16, 13:20-14:2, 24:7-29:6); <u>see</u> <u>United States v. Melendez</u>, Crim. A. No. 99-711-16, 2006 WL 2854376, at *2 (E.D. Pa. Oct. 4, 2006) (denying claim of ineffective assistance of counsel for failing to file an appeal where the defendant testified that he never specifically requested one be taken).  Moreover, Defendant's counsel testified that he explained to Defendant, with the assistance of an interpreter, Defendant's right to file an appeal but Defendant never directed him to file one.  (12/8/22 Hr'g Tr. at 47:2-51:10, 69:25-71:6.); <u>see</u> <u>United States v. Way</u>, Crim. A. No. 07-421, Civ. A. No. 08-4288, 2009 WL 5177766, at *2 (E.D. Pa. Dec. 31, 2009) ("In cases where the defendant has not clearly instructed counsel to file an appeal, counsel's failure to file a notice of appeal is unreasonable *only* when counsel fails to consult with the defendant in the face of a duty to do so." (emphasis added) (citing <u>Flores-Ortega</u>, 528 U.S. at 478)).  Under these circumstances, we deny Defendant's claim that his counsel rendered ineffective assistance in failing to file a direct appeal because we find that Defendant was aware of his right to file an appeal and yet never instructed his counsel to file an appeal on his behalf.

## IV.    CONCLUSION

For the foregoing reasons, we deny Defendant's Motion in its entirety.  An appropriate Order follows.

18

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.